**UNITED STATES OF AMERICA, Plaintiff-Appellee,**

v.

**Victor B. JANGO, Defendant-Appellant.**

No. 00–50651.

D.C. No. CR–00–00605–R–08.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.**

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM *

Victor Jango appeals the 24–month sentence imposed following his guilty plea conviction for conspiracy and money laundering, in violation of 18 U.S.C. §§ 371 and 1956(h), respectively. We have jurisdiction under 28 U.S.C. § 1291. Jango's appellate counsel has filed a motion to withdraw as counsel and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no arguable issues for review.[1]

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Pursuant to a signed plea agreement, Jango waived his right to appeal any sentence imposed within the statutory maximum and where the district court determined the total offense level at 17 or below. Because the district court failed to comply with Fed. R.

Jango has filed a pro se supplemental brief, in which he contends that he was denied the right of allocution at sentencing. Our review of the record, however, reveals that Jango did have the opportunity to personally address the court, and therefore, no error resulted.

Having conducted an independent review of the record as required by *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we conclude that there are no arguable issues for review. Accordingly, counsel's motion to withdraw is GRANTED, and the district court's judgment is AFFIRMED.

Crim P. Rule 11(c)(6) and informed Jango at the change of plea that he had the right to appeal the application of the guidelines, we determine that we retain jurisdiction to review Jango's claim on appeal. *See United States v. Buchanan,* 59 F.3d 914, 917–18 (9th Cir.1995) ("Given the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the prosecution's failure to object, we hold that in these circumstances, the district court's oral pronouncement controls and the plea agreement waiver is not enforceable.").